# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL ORR, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV415-300 |
| UNITED STATES OF AMERICA, | ) ) ) | CR413-064 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to possession of a firearm by a convicted felon, Michael Orr moved under 28 U.S.C. § 2255 for resentencing absent an armed career criminal enhancement. Doc. 50. On screening, the undersigned recommended that the motion be dismissed as untimely and on the merits, and that a Certificate of Appealability be denied. Doc. 51 (citing *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015); 28 U.S.C. § 2255(a)).

Orr's Fed. R Civ. P. 72(b)(2) Objections to the Report and Recommendation (R&R) were overruled in the Order adopting the R&R. Doc. 54; *see also* doc. 55 (judgment). Some months later, he filed a "response" to the already adopted R&R, and now also moves "to modify [his] motion to vacate under 28 U.S.C. § 2255," apparently seeking to

amend his original motion because he believes no final judgment has been entered. Doc. 57. However, judgment was entered and his initial § 2255 motion was dismissed. *See* docs. 54 & 55. Orr's motion to amend his initial motion is therefore moot and must also be dismissed.[1]

**SO REPORTED AND RECOMMENDED,** this  27th  day of September, 2016.



UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] To the extent he actually intended to file a second or successive § 2255 motion -- or contemplates now filing such a motion -- Orr is advised that it would be dismissed for lack of jurisdiction. Successive § 2255 movants must first apply to the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010).

Since this Court dismissed Orr's first § 2255 motion with prejudice and he cites no authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider his second petition. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *see also Medberry v. Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003) ("when a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions").